Richard W. **LANGHANS**, Plaintiff–Appellant,

v.

Ed **BOEDEKER**, et al., Defendants– Respondents.

No. 66583.

Missouri Court of Appeals, Eastern District, Division Four.

March 7, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 12, 1995.

Richard W. Langhans, pro se.

Gary L. Vincent, Ziercher & Hocker, P.C., Clayton, for respondents.

KAROHL, Judge.

Richard W. Langhans, grantor in a deed of trust, appeals an order granting summary judgment to Edgar G. Boedeker, successor trustee; Eileen Meurer, an employee of First Bank Mortgage, third party in deed of trust and purchaser at foreclosure sale; and Bobbie Brown, an employee of VA Regional Office. We affirm.

The facts of this case are undisputed. Langhans was the grantor under a deed of trust executed May 15, 1992, to Mark Turkcan, as trustee, and First Bank Mortgage, as lender-beneficiary. The deed contained a power-of-sale clause enabling the trustee to conduct a non-judicial foreclosure. Langhans defaulted on the deed. On February 3, 1994, Boedeker, as successor trustee, began publishing notice of a trustee's sale in the *St. Louis Daily Record* for 21 issues. That same day, he also mailed to Langhans by certified mail a notice of the foreclosure sale. Boedeker received the return receipt from Langhans. On March 3, 1994, the foreclosure sale was held, after Langhans served a notice of redemption on the trustee.

On March 16, 1994, Langhans filed suit to set aside the sale. He alleged he had not received "a timely copy of the sale" under § 443.320 RSMo 1986. The trial court granted defendants' motion to dismiss or, in the alternative, their motion for summary judgment. Langhans filed a motion for rehearing, which was denied. This appeal ensued.

On appeal, Langhans argues the trial court erred in granting defendants' motion to dismiss or, in the alternative, the motion for summary judgment, because the notice he received did not comply with §§ 443.310 and 443.320 RSMo Cum.Supp.1993. Specifically, Langhans claims the notice should be a "true and exact" copy of the notice published. Langhans does not claim prejudice, nor does he contend he never received notice of the sale.

We observe the petition did not state a cause of action against Meurer or Brown. Langhans' appeal does not contest dismissal of these defendants.

Our review of summary judgment for Boedeker, as trustee, is in accordance with *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

We find Langhans' argument to be wholly without merit. First, defendant trustee's summary judgment facts, asserted in affidavit form, are unopposed and establish a lawful foreclosure. Second, Langhans relies on the wrong statute as authority for notice to individuals of the foreclosure sale. The statute governing notice to individuals, including the mortgagor and owner of the property, is § 443.325, which states as follows:

In the event of a foreclosure under power of sale, the foreclosing mortgagee or trustee shall, not less than twenty days prior to the scheduled date of the sale, cause to be deposited in the United States mail an envelope certified or registered, and with postage prepaid, *enclosing a notice containing the information required in the published notice of sale....*

[Our emphasis.] Thus, the notice sent to the mortgagor and owner of the property need only contain the same information that is contained in the published notice of sale. Langhans' argument for something more

fails. There is no requirement that the notice sent to the mortgagor and owner be a true and exact copy of the published notice of sale. In addition, there is no requirement that the notice of sale set forth the first date of publication, as asserted by Langhans. Langhans cites no contrary authority. A review of the notice of sale sent to Langhans and the published notice of sale shows they are worded identically. Defendant trustee complied with the requirements of § 443.325 RSMo 1986. In addition, Langhans received notice, appeared at the sale, and filed a notice of his intent to redeem. He later abandoned any effort to redeem.

Affirmed.

AHRENS, P.J., and SIMON, J., concur.